UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH MERMELSTEIN,

      *Plaintiff,*

– against –

UNITED STATES DEPARTMENT OF
JUSTICE FEDERAL BUREAU OF
INVESTIGATION,

      *Defendant.*

**MEMORANDUM & ORDER**
23-cv-06779 (NCM) (ST)

---

**NATASHA C. MERLE**, United States District Judge:

  Before the Court is defendant[1] United States Department of Justice Federal Bureau of Investigation's motion to dismiss plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. ECF No. 18.[2] Plaintiff Joseph Mermelstein brings this Freedom of Information Act ("FOIA") action seeking records from the Federal Bureau of Investigation ("FBI"). For the reasons stated below, defendant's motion is **GRANTED**, and plaintiff's complaint is dismissed with prejudice.

## BACKGROUND

  In July 2023, plaintiff submitted a FOIA request to the FBI for "all records" relating to plaintiff. Compl. ¶ 6, ECF No. 1; Compl. Ex. A (the "2023 Request"). Through the 2023 Request, plaintiff seeks production of records relating to plaintiff's indictments and

---

[1] Plaintiff's complaint incorrectly names "United States Department of Justice Federal Bureau of Investigation" as a single entity defendant.

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

convictions in federal court for medical insurance fraud, for which he was incarcerated until 2015. Compl. ¶ 5.

Specifically, the 2023 Request seeks records that included any conversations between plaintiff and another named individual between October and December 2005 (the "2005 Records"). Compl. Ex. A. The 2023 Request specified twelve search terms and two FBI databases, the Electronic Surveillance System (ELSUR) at the FBI Headquarters and the FBI New York Field Office. Compl. ¶¶ 11–12. After plaintiff did not receive a response from the agency, Compl. ¶ 7, he filed this action against defendant.

Plaintiff previously filed a separate FOIA action against the FBI in 2019. *Mermelstein v. U.S. Dep't of Just., Fed. Bureau of Investigation*, No. 19-cv-00312 (E.D.N.Y.) ("*Mermelstein I*"). At issue in *Mermelstein I* were two FOIA requests plaintiff made in 2018 (the "2018 Requests" and, together with the 2023 Request, the "Requests"). *See* Exs. A and C, *Mermelstein I*, ECF. Nos. 22-1, 22-3 (copies of the 2018 Requests on the *Mermelstein I* docket). The 2018 Requests sought, *inter alia*, "[a]ll records about" plaintiff "through the use of any combination of identifiers." *Mermerlstein v. U.S. Dep't of Just., Fed. Bureau of Investigation*, No. 19-cv-00312, 2021 WL 3455314, at *2 (E.D.N.Y. Aug. 4, 2021), *report and recommendation adopted*, 2021 WL 11628214 (E.D.N.Y. Aug. 19, 2021) (describing 2018 Requests). On appeal, the Second Circuit affirmed the district court's summary judgment in favor of the government. *Mermelstein v. U.S. Dep't of Justice, et al.*, No. 22-cv-00816, 2023 WL 2977791 (2d Cir. April 18, 2023).

## LEGAL STANDARD

When deciding a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's

favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).[3] Factual disputes are typically not the subject of the Court's analysis, as Rule 12 motions "probe the legal, not the factual, sufficiency of a complaint." *Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of New York, Inc.*, 64 F. Supp. 3d 459, 468–69 (E.D.N.Y. 2014). That is, "the issue" on a motion to dismiss "is not whether a plaintiff will ultimately prevail" but instead whether a plaintiff is "entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012). Accordingly, dismissal is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint on the basis of *res judicata*. This doctrine "means essentially that the matter in controversy has already been adjudicated." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107 (2d Cir. 2015). There are two distinct forms of *res judicata*: claim preclusion and issue preclusion. *Id.* Here, defendant relies on claim preclusion, which "forecloses successive litigation of the very same claim." *Id.* at 107–08. Whereas issue preclusion prevents re-litigation of issues "actually decided" in a prior action, claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411–12 (2020). That is because a "party cannot avoid the preclusive effect of *res*

---

[3] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*judicata*" simply by "asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).

To prevail on claim preclusion, a party moving to dismiss must establish (1) a prior "final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021). The fourth prong extends to issues not raised, but that could have been raised, in the prior action. *Id.* The parties do not dispute that *Mermelstein I* involved a final judgment on the merits by a court of competent jurisdiction and involved the same parties as the present action. The question therefore is whether the cases involve the "same cause of action."

Defendant contends that plaintiff's complaint in this action is merely an attempt to relitigate the same issue that arose in the prior action: the adequacy of the FBI's search in response to the 2018 Requests. Indeed, plaintiff's counsel appears to agree by stating that the present action "is an attempt to rectify the FBI's unreasonable and inadequate search" in the prior action.[4] Opp'n at 6. For the reasons stated below, the Court finds that the present action involves the same cause of action as *Mermelstein I* and is therefore barred by the doctrine of *res judicata*.

---

[4] Rather than respond to defendant's *res judicata* argument, plaintiff largely dedicates his Opposition to relitigating the issue of whether the FBI's search in response to the 2018 Requests was adequate. Nonetheless, he makes two references to an "exception to *res judicata* and collateral estoppel involv[ing] matters of cases concerning due process which may be relitigated." Opp'n at 11, 15. Plaintiff provides no authority or reasoning regarding this "exception." To the extent plaintiff attempts to argue that he was denied a "full and fair opportunity" to litigate in the prior action, *see Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (listing requirements for *issue* preclusion), that argument is without merit. Plaintiff provides no indication that he was not afforded such an opportunity before the district or appellate courts in *Mermelstein I*.

I. <u>Rule 12 Motion</u>

The defense of *res judicata* "may properly be raised" by moving to dismiss pursuant to Rule 12(b)(6). *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994); *see also Brandon v. NPG Recs., Inc.*, 840 F. App'x 605 (2d Cir. 2020) (affirming dismissal pursuant to Rule 12(b)(6) on basis of *res judicata* (issue preclusion)). However, courts reviewing Rule 12 motions on the basis of claim preclusion must limit their review to the "face of the complaint" and "matters of which the court may take judicial notice." *Palmer-Williams v. United States*, 699 F. App'x 1, 2–3 (2d Cir. 2017) (citing *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). The Court may consider, for example, prior judicial filings. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (noting that "when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion").

Where courts take judicial notice of filings outside of the pleadings, they may do so only insofar as "what statements [the filings] contained" but "not for the truth of the matters asserted" therein. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). This is because the Second Circuit has issued a "directive that the conversion-to-summary-judgment requirement" of Rule 56 "be strictly enforced whenever a district court considers extra-pleading material in ruling on a motion to dismiss." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 108 (2d Cir. 2021). The purpose of that directive is to "deter[] trial courts from engaging in factfinding when ruling on a motion to dismiss." *Id.* at 106.

Here, defendant brought the Motion "pursuant to Rule 12 of the Federal Rules of Civil Procedure," without specifying the relevant subsection, and attached numerous exhibits to its briefing. Plaintiff also attached multiple exhibits to his brief in opposition

5

and expressly referenced summary judgment as the legal standard therein. However, the Court declines to convert the Motion to a summary judgment motion at this early stage of the case, which has not yet commenced formal discovery. *See Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."). Instead, the Court adheres strictly to the standard for a Rule 12 motion and declines to consider the parties' exhibit submissions for the truth of their matter. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (noting that a court may "exclude the additional material" for the purposes of deciding a Rule 12 motion); *see also Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024) (noting that "mere attachment of a document to a motion to dismiss does not alone establish that conversion is required").

The Court is satisfied that it may judicially-notice the public docket filings in *Mermelstein I*—specifically, the complaint, copies of the 2018 Requests, and judicial opinions cited *infra*—to aid its evaluation of defendant's claim preclusion challenge. The Court relies on those filings not for the truth of their matter but to assess whether the prior case raised the same cause of action as the present case.

II. Same Cause of Action

Plaintiff contends that the "causes of action in each complaint are different" because "the requests are different." Opp'n at 15. Defendant asserts that the causes of action are the same: challenges to the government's response to FOIA requests "related to [the FBI's] investigation of plaintiff for medical insurance fraud." Mot. at 20. Because the Requests arise out of the same conduct, the Court finds that the causes of action in *Mermelstein I* and the present action are the same.

6

To assess whether the causes of action are the same, the Court must "look to whether both lawsuits arise from the same transaction, or involve a common nucleus of operative facts." *Horti Americas, LLC v. Jacob's Vill. Farm Corp.*, No. 21-cv-00915, 2022 WL 38719, at *2 (2d Cir. Jan. 5, 2022) (citing *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021)). Particularly important is timing: "[a]cts committed after the filing of the complaint are not within the scope of the plaintiff's claim" in the prior action and therefore cannot serve as the basis for claim preclusion. *Proctor v. LeClaire*, 715 F.3d 402, 412 (2d Cir. 2013). Causes of action may be the same, however, where "a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action." *Lucky Brand Dungarees*, 590 U.S. at 413.

On their face, the Requests are not identical. As plaintiff points out, the 2023 Request includes additional names, addresses, and phone numbers. Opp'n at 11. However, the Requests are based on a "common nucleus of operative facts." *See Horti*, 2022 WL 38719, at *2. The 2023 Request arises out of the government's criminal prosecution of plaintiff for fraud, on the basis of which he was convicted and sentenced to prison until 2015. Compl. ¶ 5. The complaint in the prior action lists *identical* facts. *Mermelstein I* Compl. ¶ 5, ECF No. 1. That is, the basis of plaintiff's challenge to defendant's response to the 2018 Requests is precisely the same as the basis of plaintiff's present challenge to the 2023 Request: plaintiff seeks records from the FBI relating to his criminal convictions prior to 2015. Furthermore, plaintiff does not indicate what, if any, records the 2023 Request would cover that post-date the filing of the complaint in *Mermelstein I*.

Nor can the Court perceive any gap based on a plain reading of the Requests and the complaint in the prior action. *See Mermelstein I* Compl. ¶ 6 (noting that plaintiff

7

submitted a FOIA request for "all records relating to" himself).[5] The primary difference is that plaintiff's present complaint highlights a period in 2005 from which he seeks records. Compl. ¶ 12; Opp'n at 7, 11, 13, 14. Documents from this timeframe would necessarily have been covered by the 2018 Requests. Furthermore, the additional names, addresses, and phone numbers in the 2023 Request do not transform the cause of action. Instead, plaintiff makes clear that these search terms are meant to capture records relating to plaintiff that were not produced or logged in response to the FBI's prior search. Opp'n at 10 (noting that the FBI's search in response to the 2018 Requests "should have produced the subpoenas mentioned during the referenced timeframe," but "no records were listed in the Vaughn Index for this time period"). He does so because he "maintains that warrantless wiretaps were used to collect criminal evidence against him in both convictions." Opp'n at 11. Rather than stating a new cause of action, the complaint in the present action merely specifies how plaintiff believes the FBI should search for the same records as were requested under the 2018 Request. The causes of action are therefore the "same" for purposes of claim preclusion.

   III.   New Evidence

Having established that claim preclusion applies, the Court next considers whether the issues plaintiff raises in his Opposition could have been, if they were not, litigated in

---

[5]   It appears that plaintiff only attached one of the two 2018 Requests to his complaint in *Mermelstein I*. *See Mermelstein I* Compl. ¶ 6, ECF No. 1-1 (FOIA request for AT&T surveillance records). However, the complaint references a FOIA request seeking "all records relating to" himself, seemingly referring to the other FOIA request from 2018, which sought "all records" about plaintiff. *See* Ex. C, *Mermelstein I*, ECF. No. 22-3 (copy of second FOIA request from 2018). Furthermore, the district court in *Mermelstein I* expressly relied on both 2018 Requests in granting summary judgment for defendant. Accordingly, the Court finds it proper to consider both 2018 Requests part of the cause of action in *Mermelstein I*.

the prior action. One reason an issue may not have been able to be litigated in a prior action is because the necessary evidence was not known to the litigant at the time. However, "[a]s a general rule, newly discovered evidence does not preclude the application of *res judicata*." *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991). Only where "the evidence was either fraudulently concealed or when it could not have been discovered with due diligence" in the prior action will exceptions to that general rule apply. *Id.*; *see also Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-cv-04871, 2020 WL 1151313, at *13 (S.D.N.Y. Mar. 9, 2020).

Plaintiff contends that during his two criminal prosecutions in 2008 and 2013, discovery revealed specific documents and subpoenas issued by the FBI. Opp'n at 6–7. Plaintiff argues that, because these documents were neither produced nor logged by the government in *Mermelstein I*, the prior search for records was not a "full and proper search." Opp'n at 10. Specifically, plaintiff contends that 2005 Records did not surface because the FBI only searched using plaintiff's name and did not search the ELSUR database. Opp'n at 12. To the extent plaintiff argues that these documents constitute new evidence and therefore a basis for re-relitigating the FBI's prior search, that argument is without merit. First, plaintiff does not allege that he discovered the existence of the 2005 Records after the *Mermelstein I* complaint was filed. Indeed, he explains that those documents were provided to his attorney through discovery during his criminal prosecutions in 2007 and 2013, prior to the commencement of *Mermelstein I*. Opp'n at 6–7. Second, any alleged gap in the FBI's document production or withholding log, *see* Opp'n at 13, could have been discovered by counsel's own due diligence when litigating *Mermelstein I* and raised before the court at that time.

9

Furthermore, plaintiff has not alleged facts to support any fraudulent concealment of the 2005 Records. The complaint is silent on this point. Yet in his Opposition, plaintiff points to alleged inconsistencies in the FBI's explanation regarding destroyed documents. For example, he claims the FBI asserted that any responsive documents that were destroyed were records of plaintiff, which plaintiff claims would not explain why any 2005 subpoena records, held by the government, are missing from the 2018 Requests search. Opp'n at 8 (questioning "what happened to the subpoena issued" if the FBI's assertion that only plaintiff's records were destroyed is accurate). Plaintiff also contends that there is no basis in the record for the FBI's "assumption" that the destroyed documents were "medical files." Opp'n at 16. These inconsistencies, however, do not indicate that the FBI fraudulently concealed the 2005 Records. Instead, plaintiff merely notes that he discovered gaps in the responsive documents that could have been raised in the prior litigation.

Plaintiff also appears to argue that a recent judicial opinion—*Shapiro v. U.S. Dep't of Just.*, 40 F.4th 609 (D.C. Cir.), *cert. denied sub nom. Shapiro v. Dep't of Just.*, 143 S. Ct. 526 (2022)—provides grounds for re-litigating the adequacy of the FBI's search in *Mermelstein I* as it pertains to the ELSUR database. *See* Opp'n at 10, 14. However, plaintiff expressly raised concerns about the ELSUR database not being searched in *Mermelstein I*. On review of the government's motion for summary judgment in *Mermelstein I*, the district court considered and rejected plaintiff's argument that the FBI's search was inadequate because the agency had not searched ELSUR in response to the 2018 Requests. *Mermerlstein*, 2021 WL 3455314, at *5. The district court ultimately found that the FBI's search was adequate and the agency properly withheld documents pursuant to several FOIA exemptions. *Id.* at *6–17. The Second Circuit reviewed the grant

10

of summary judgment *de novo*. *Mermelstein*, 2023 WL 2977791, at *1. On that review, the circuit court considered and rejected plaintiff's argument that the search was inadequate because the FBI had not searched the ELSUR database. *Id.* at *1.

In *Shapiro*, the Court of Appeals for the District of Columbia Circuit remanded a FOIA case to the district court in order for the FBI to "provide a more detailed explanation of its search for electronic surveillance records related to individuals mentioned in but not party to monitored conversations." *Shapiro*, 40 F.4th at 611. Plaintiff asserts that the ELSUR database must be searched in response to the Requests because "FBI Field Offices were not required to forward to FBI Headquarters the names of individuals mentioned during monitored conversations." Opp'n at 11. To the extent the issue raised in *Shapiro* bears on plaintiff's 2023 Request, that issue—whether or not the FBI's search was adequate with respect to individuals "mentioned" but not the subject of surveillance—could have been raised in *Mermelstein I*. Plaintiff provides no support for his attempt to re-open that litigation in order to address an issue raised by another litigant in another forum. As discussed above, to the extent plaintiff attempts to continue litigating the sufficiency of the FBI's search, his claims are barred.

IV.     Denial of Leave to Amend

Plaintiff does not seek leave to amend, and the Court declines to grant him leave to do so. *Komlossy v. Faruqi & Faruqi, LLP*, 714 F. App'x 11, 14 (2d Cir. 2017) ("[W]e do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought."); *Nano Dimension Ltd. v. Murchinson Ltd.*, 102 F.4th 136, 143 n.8 (2d Cir. 2024) (same). As discussed *supra*, plaintiff has already litigated the present cause of action and is barred from re-opening that litigation under the doctrine of *res judicata*. Where, as here, the reason for dismissal is "substantive," leave to amend

11

amounts to an exercise in futility because "better pleading will not cure" the defect. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In such cases, even a plaintiff's affirmative request to amend "should be denied." *Goodrich v. Long Island R.R. Co.*, 654 F.3d 190, 200 (2d Cir. 2011). Accordingly, the Court declines to grant plaintiff leave to amend the complaint.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** defendant's Motion. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

      /s/ Natasha C. Merle      
NATASHA C. MERLE
United States District Judge

Dated:      October 1, 2024
       Brooklyn, New York